IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CESAR ORTEGA REYES**
516 Anton Drive, Apt 304
Fitchburg, WI 53719

       Plaintiff,

  v.

Case No. 25-cv-855

**ROOFING SERVICE REPAIR LLC**
3424 Lake Farm Road
Madison, WI 53711

and

**GUILLERMO GARCIA-MUNGUIA**
3424 Lake Farm Road
Madison, WI 53711

       Defendants.

---

# COMPLAINT

---

Plaintiff, Cesar Ortega Reyes, by his attorneys, Hawks Quindel, S.C., for his Complaint against Defendants, Roofing Service Repair LLC and Guillermo Garcia-Munguia (collectively "Defendants"), states as follows:

Defendants own and operate a roofing company. Plaintiff has been employed by Defendants to perform work as a laborer since December 2022. During his employment, and within the three-year period preceding this Complaint, Plaintiff was denied overtime wages under an illegal pay policy in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws. Under this policy,

Defendants required Plaintiff to work hours over 40 in a single workweek without overtime compensation. Defendants paid Plaintiff a set hourly wage regardless of the number of hours worked. Plaintiff did not receive an overtime premium for hours worked over 40 in a single workweek. Plaintiff seeks payment of unpaid overtime wages, an equal amount in liquidated damages, and payment of attorney fees and costs in bringing this action.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, et seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendants operate a business in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3. Plaintiff, Cesar Ortega Reyes, is an adult resident of the state of Wisconsin, residing at 5162 Anton Drive, Apartment 304, Fitchburg, Wisconsin 53719. At all times material to this matter, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e), Wis. Stat. § 103.01(5), and Wis. Stat. § 109.01(1r).

4. Defendant Roofing Service Repair LLC is a domestic limited liability company with its principal office at 3424 Lake Farm Road, Madison, Wisconsin

53711. Roofing Service Repair LLC's registered agent for service is Guillermo Garcia-Munguia.

5.  Defendant Guillermo Garcia-Munguia is the owner of Roofing Service Repair LLC and resides in Madison, Wisconsin.

6.  At all times relevant to this Complaint, Roofing Service Repair LLC and Guillermo Garcia-Munguia were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

7.  At all times material to this Complaint, Roofing Service Repair LLC has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

## ALLEGATIONS

8.  Defendant Guillermo Garcia-Munguia ("Garcia-Munguia") owns and operates Roofing Service Repair LLC ("Roofing Service Repair") (collectively, "Defendants").

9.  Plaintiff was hired as an employee by Defendants on or about December 2022 to provide services as a laborer and remains employed at present.

10.  Roofing Service Repair exercises control of Plaintiff's working conditions, compensation, duties, and hours of work.

11.  As an illustrative example of this control, Roofing Service Repair initially agreed to pay Plaintiff $16 per hour for his work. Plaintiff accepted this agreement by performing work for Roofing Service Repair.

12. As an illustrative example of this control, during Plaintiff's employment, Roofing Service Repair raised Plaintiff's hourly rate to $20 per hour.

13. As an illustrative example of this control, Roofing Service Repair has authority to hire and fire Plaintiff.

14. As an illustrative example of this control, Roofing Service Repair maintains Plaintiff's employment, timekeeping, and payroll records.

15. As an illustrative example of this control, Roofing Service Repair schedules Plaintiff's working hours and workdays.

16. As an illustrative example of this control, Roofing Service Repair assigns jobs to Plaintiff.

17. As an illustrative example of this control, Roofing Service Repair provides building materials necessary for Plaintiff to complete jobs assigned to him.

18. As an illustrative example of this control, Roofing Service Repair trained Plaintiff on how to perform roofing work and specific jobs assigned to him.

19. As an illustrative example of this control, Roofing Service Repair carries licensure and insurance covering employee performance of roofing work, including Plaintiff.

20. At all times relevant to this matter, Garcia-Munguia owned and operated Roofing Service Repair and exercised control over its employees' working conditions, compensation, duties, and hours of work, including Plaintiff.

21. As an illustrative example of this control, Garcia-Munguia agreed to pay Plaintiff $16 per hour for his work. Plaintiff accepted this agreement by performing work for Garcia-Munguia.

22. As an illustrative example of this control, during Plaintiff's employment, Garcia-Munguia raised Plaintiff's hourly rate to $20 per hour.

23. As an illustrative example of this control, Garcia-Munguia has authority to hire and fire Plaintiff.

24. As an illustrative example of this control, Garcia-Munguia has authority to schedule Plaintiff's working hours and workdays.

25. As an illustrative example of this control, Garcia-Munguia has authority to assign Plaintiff jobs.

26. As an illustrative example of this control, Garcia-Munguia has authority to pay Plaintiff.

27. As an illustrative example of this control, Garcia-Munguia has authority to set compensation policies and practices at Roofing Service Repair related to Plaintiff, including whether to pay overtime wages.

28. Garcia-Munguia decided not to pay Plaintiff overtime wages for hours worked over 40 in a single workweek.

29. Throughout the three-year period preceding the filing of this Complaint, Guillermo-Munguia, on behalf of himself and Roofing Service Repair, set Plaintiff's work schedule, which was the same each week, subject to weather:

- During summer, Monday through Friday: 6:00am to 8:00pm, with a one-hour lunch break at 1:00pm each day.

- During off-season, Monday through Friday: 7:00am to 5:00pm, with a one-hour lunch break at 12:00pm each day.

30. Plaintiff does not carry his own licensure and insurance to perform roofing work outside of his employment with Defendants.

31. Plaintiff is not expected to solicit clients or jobs for Defendants as a term or condition of employment.

32. Defendants carry workers compensation insurance for its employees, including Plaintiff.

33. Plaintiff typically worked between 50 and 65 hours per week each week from December 2022 to May 16, 2025, when he was injured at work.

34. Throughout the three-year period preceding the filing of this Complaint, Defendants paid Plaintiff bi-weekly with handwritten checks noting the number of work hours paid for that period.

35. Throughout the three-year period preceding the filing of this Complaint, Defendants failed to pay Plaintiff time and one-half for all hours worked over 40 in a single workweek.

36. Under this pay policy, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendants and was not provided overtime compensation.

37. At no time during his employment with Defendants was Plaintiff exempt from overtime payment under the FLSA or Wisconsin law.

## FIRST CAUSE OF ACTION:
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FLSA

38. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

39. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek.

40. During his employment with Defendants, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendants without overtime compensation.

41. Defendants' practices violate the provisions of the FLSA, including, but not limited to, 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

42. Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff overtime wages in violation of the FLSA.

43. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during his employment as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION:
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF WISCONSIN LAW

44. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

45. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 109.03, and Wis. Admin. Code § DWD 274.03.

46. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

47. Wis. Stat. § 109.03 requires an employer to pay covered employees all wages earned within 31 days of the date those wages were earned.

48. During his employment with Defendants, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendants without overtime compensation.

49. As a result of Defendants' willful failure to pay overtime wages earned and due to Plaintiff, they have violated Wis. Stat. § 109.03.

50. Plaintiff seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. § 109.03, recovery of attorney's fees, costs, and expenses of this action to be paid by Defendants as provided by Wis. Stat. § 109.03(6), and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, awarding him:

A.    The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B.    The overtime wage compensation owed to Plaintiff under Wis. Stats. §§ 103.03 and 109.03 for the two-year time period prior to the commencement of this action;

C.    Liquidated damages in an amount equal to the amount awarded to him as overtime wage compensation as provided in 29 U.S.C. § 216(b);

D.    Penalties due under Wis. Stat. § 109.11;

E.    All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

F.    Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the FLSA.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: October 17, 2025.

                                           **HAWKS QUINDEL, S.C.**
*Attorneys for the Plaintiff*

By: *s/ David C. Zoeller*
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Natalie L. Gerloff, State Bar No. 1117798
Email: ngerloff@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236

10